UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80102-CR-CANNON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JASON JAMES ATHA, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR VARIANCE**

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby responds in opposition to Defendant's Motion for Variance (DE 35). The defendant requests that the Court vary downward from his guidelines range of 210 to 262 months and impose a total sentence of 120 months.

For the reasons that follow, the United States submits that a variance is not warranted. The United States respectfully requests a sentence of 240 months in the middle of the defendant's guidelines range.

**I.      BACKGROUND**

The facts of this matter are set forth in the factual proffer (DE 29) and in greater detail in the Offense Conduct section of the Presentence Investigation Report (hereinafter "PSI"). Over the course of almost a year, the defendant communicated with a person he believed to be the mother of an eight-year-old child.[1] The mother was in fact a Homeland Security Investigations Special Agent acting in an undercover capacity (hereinafter referred to as "the undercover agent"), and the

---

[1] The undercover pretended during the course of the communications that the child had turned nine.

1

child did not exist. Throughout their many conversations, the defendant clearly expressed his intent to have sexual contact with the child. In August 2024, the defendant then traveled from his home state of Colorado to West Palm Beach, Florida, believing he would spend the weekend engaging in sexual contact with both the mother and the child. The defendant was instead arrested, and a search of his phone revealed an application that contained images and videos of child pornography.

## II.    ARGUMENT

### A.    A guidelines sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the crime committed.

The defendant seeks a significant variance from the guidelines range of 210 to 262 months, requesting a total sentence of ten years. (DE 35 at 2, 12.) The defendant downplays the gravity of the nature and circumstances of the offense, distances himself from his purposeful conduct, and emphasizes his past as a well-educated professional to argue that the Court should sentence him below the guidelines range.

But none of the defendant's arguments removes him from the heartland of cases. Indeed, the grave nature and circumstances of the offense and the defendant's deliberate, calculated actions warrant a sentence within the guidelines range.

First, the evidence demonstrates the extreme nature and circumstances of the offense. The defendant clearly intended to lay hands on a nine-year-old child and demonstrated his intent for the undercover agent to groom the child for his visit. For example, he directed the undercover agent to show the child his picture. (PSI ¶ 19.) He asked whether the child knew "what she is going to do with us" and said he would be fine with anything the undercover agent wanted to share with the child. (*Id.*) He repeatedly asked whether the undercover agent had mentioned anything about him to the child (*id.* ¶ 22) and wanted the undercover agent to communicate the plans to the

child (*id.* ¶¶ 31, 35, 39). And he repeatedly and elaborated described the sexual contact he intended.

A guidelines sentence is also warranted to account for the defendant's deliberate and calculated actions. The defendant attempts to downplay his purposeful conduct: "had Mr. Atha had more insight into the potential damage he would cause by his action, it would have acted as a complete deterrent to any voyeurism or curiosity of the darker areas of the internet." (DE 35 at 7.) But the evidence shows his full understanding of the consequences and "potential damage" of his actions. For example, he told the undercover agent, "[I]n my head I get there and cops are waiting for me." (PSI ¶ 17.) He nevertheless consciously chose—repeatedly—to engage in the illicit activity.

The defendant likewise attempts to downplay the gravity of the transportation of child pornography on his cellphone. He claims that the lack of child pornography on his other devices at his residence shows that this is not a "traditional CP situation." (DE 35 at 5.) But this demonstrates the defendant's need to keep the treasured child pornography close and accessible, confined to a device to which only he likely had access. By limiting his possession to his cellphone, he maintained easy access to a large trove of content while ensuring others would not inadvertently access what he knew was highly illegal material. His easy access under the cloak of secrecy was advanced by the use of an application, which the defendant has dismissed as a mere portal. Through the application, he would not inadvertently reveal his illicit conduct, for example by someone scrolling through his photos. Accessing the application required more steps that allowed him to hide his conduct from those around him.

His access to the application containing the child pornography was not inadvertent or accidental. The defendant told the undercover agent on multiple occasions that he didn't mind

trading child pornography. (PSI ¶¶ 29, 31.) The defendant even said that he wouldn't delete the application until after his visit with the undercover agent so that he could share the content with her. (*Id.* ¶ 49.)

The defendant also argues that a lesser sentence will serve as adequate deterrence, both to him specifically and to others generally. But the need for the sentence to serve a deterrent effect is probably of little consequence here. The defendant made it clear that he was going to proceed with the conduct, no matter the consequences. Rather, it is more important that the sentence imposed reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Not only has the defendant not cited any legitimate reason that removes him from the heartland of cases, but indeed, the evidence supports a guidelines sentence for these reasons.

> **B.     The defendant's arguments for avoiding unwarranted sentencing disparities are without context and therefore unavailing.**

In support of his motion, the defendant cites multiple cases within the district where the defendants received sentences for enticement varying from 120 months (the cases the defendant argues are comparable) to 360 months (the cases the defendant argues are more egregious). But these cases are wholly without context, both for any enhancements applied to the offense conduct and each defendant's criminal history. Indeed, the defendant does not state whether any particular sentence was a guidelines sentence or a variance—and on what factors each court varied. Without context, these sentences do not support the defendant's argument that a guidelines sentence would result in unwarranted sentencing disparities.

For example, the defendant argues that in *United States v. Lehner*, Lehner communicated with an undercover agent posing as a minor. Lehner then flew from Minneapolis to Fort Lauderdale

and was arrested. After promptly accepting responsibility, Lehner was sentenced to a total term of imprisonment of 120 months. (*See* DE 35 at 9.)

But Lehner was only charged with enticement. Indictment, *United States v. Lehner*, No. 21-8004-CR-MIDDLEBROOKS (S.D. Fla. June 23, 2021), ECF No. 1. Here, the defendant was charged with the additional crime of transportation of child pornography, which resulted in a two-level enhancement for the multiple-count adjustment. (PSI ¶¶ 84-86). The defendant's attempts to draw parallels with Lehner's case are unavailing.

At least three of the cases cited by the defendant as comparative and warranting a 120-month sentence involved a victim that was 12 or older. (DE 35 at 9-10 (Spiegel, Taylor, and Lehner)[2].) In those cases, the defendants did not receive a significant enhancement that this defendant received. Here, because the offense involved a minor who had not attained the age of 12 years, the defendant received an eight-level enhancement, which greatly increased his guidelines range. (PSI ¶ 70.)

In sum, none of the cases cited by the defendant as similar cases warranting a sentence of 120 months is equivalent to the defendant's case.

## III. CONCLUSION

For the foregoing reasons, the United States submits that a variance is not warranted. Rather, the nature and circumstances of the offense and the history and characteristics of the defendant warrant a guidelines sentence. The United States respectfully requests that the Court

---

[2] Although not cited by the defendant in his memorandum, Lehner believed he was communicating with a 15-year-old female. Factual Proffer, *United States v. Lehner*, No. 21-80094-CR-MIDDLEBROOKS (S.D. Fla. Aug. 26, 2021), ECF No. 22.

sentence the defendant to a term of imprisonment of 240 months, in the middle of his uncontested guidelines range of 210 to 262 months.

                                                                      Respectfully submitted,

                                                                       HAYDEN P. O'BYRNE
                                                                       UNITED STATES ATTORNEY

By:    /s/ Alexandra Chase
        ALEXANDRA CHASE
        ASSISTANT UNITED STATES ATTORNEY
        District Court No. A5501746
        500 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Tel: (561) 209-1011
        Fax: (561) 659-4526
        alexandra.chase@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                      /s/ Alexandra Chase
                                                      ALEXANDRA CHASE
                                                      Assistant United States Attorney